Brahan *against* Collins, Admr. of McCrae.

JUDGE *Saffold* delivered the opinion of the Court.

This action was commenced by petition and summons against *Brahan* on his Note : he filed a general demurrer to the petition, and at the trial term, by his Attorney, " withdrew his plea, and says nothing in bar of the plaintiff's action." Judgment was thereupon rendered against him. He now assigns as Errors—1st, That the petition and summons are defective and unsubstantial.

This cannot be treated as an assignment. It is general and indefinite, and does not direct us to what part of those proceedings to look for the supposed Errors.

. 2d, Judgment was rendered as on waiver of defendant's plea, and the Record shews that the case stood on demurrer, and not on plea in bar, or abatement.

3d, The demurrer was not overruled.

A demurrer is a plea tendering an issue in law. The Record shews that the plaintiff in Error, after having filed his demurrer to the declaration, " withdraws his plea, and says nothing in bar of the plaintiff's action." Nothing of the nature of a plea, but the demurrer appears in the Record. The only reasonable construction which can be given to this entry is, that the defendant abandoned his demurrer, and offered nothing farther in defence. The two other assignments are contradicted by the Record.

Let the judgment be affirmed,

*[margin note: 1, That the petition and summons are defective in substance, in an assignment too general to be noticed. 2, Defendant demurred. The Record shews that he withdrew his plea. The demurrer was withdrawn.]*

---

Rachael Armstrong, Admx. of John Armstrong, *against* Belinda Johnson.

*December, 1823.*

JUDGE *Crenshaw* delivered the opinion of the Court.

In this case there are eight assignments of Errors, most of which have been overruled by former decisions of this Court, and all of which, we think, should be overruled, except the last, which is, that the judgment is against the plaintiff in Error in her own right, when it should have been against her as administratrix, to be satisfied out of the goods and chattels of her intestate. For this Error the judgment must be reversed, and the judgment rendered here, " to be levied of the goods and chattels of her intestate in her hands to be administered."

The Court are unanimous in this opinion.

*[margin note: It is Error to render judgment against an administrator, &c. de bonis propriis.]*